UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-21730

ROSMERY CHANSUOLME,

    Plaintiff,

vs.

CIBONEY, INC. and
JOSE R. MORALES,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Rosmery Chansuolme, sues Defendants, Ciboney, Inc. and Jose R. Morales, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Rosmery Chansuolme**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. She was an employee of Defendants as the term "employee" is defined under Florida law who consents to participate in this lawsuit.

2. **Defendant, Ciboney, Inc.**, is a for profit Florida corporation that is *sui juris* and operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

3. **Defendant, Jose R. Morales**, was and is a officer and director of the corporate Defendant at all times material, ran its day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

1

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their restaurant and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

***Common Background Factual Allegations***

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

9. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

2

10. Defendants further advertise their restaurant, Ciboney Restaurant on an online Facebook page, https://www.facebook.com/ciboneyrestaurant, which involves the regular and recurrent transmission of electronic information (status updates, pictures, and videos) for advertising/marketing purposes to servers outside of the State of Florida.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

13. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

14. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to her sale of same.

15. Plaintiff has worked for Defendants in the kitchen, as a bartender, and then as a server from January 2014 to middle of June 2016.

16. Defendants then paid Plaintiff at hourly rates that did not equal or exceed the minimum wage.

17. Defendants indicated on the receipts / bills provided to patrons that the tip was

3

included, but then failed to remit the tips received to Plaintiff.

18. Defendants this included traditionally non-tipped employees in the tip pool and required that these managerial employees take possession of all tips received paid by patrons so that the tips could be distributed to persons other than those who were entitled to receive tips.

19. Defendants maintained a log of the tips received and the amount distributed to each person.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

22. In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips. Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" were not protected by the FLSA. Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week." *Hodgson v. Bern's Steak House, Inc.*, 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds,* 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

23. The failure to pay for each hour worked invalidates the tip credit. *Chisolm v.*

4

*Gravitas Rest. Ltd.*, CIV.A. H-07-475, 2008 WL 838760 (S.D. Tex. 2008).

24. The "wage" that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage. The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id*

25. Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. §203(m), allows Defendants to pay less than the required minimum wage by taking a "tip credit," in order to satisfy their minimum wage obligation. However, in order to utilize the "tip credit," Defendants must strictly comply with the FLSA.

26. A condition precedent to the "tip credit" availability is that Defendants must inform employees of their intention to take a "tip credit." The "tip credit" is not applicable herein, because Defendants failed to "inform" Plaintiff of their intention to claim a "tip credit," as is required by the FLSA at 29 U.S.C. §203(m). Defendants could not have informed Plaintiff, as they had a built-in policy to deduct from Plaintiff's wages, and thus Plaintiff's pay fell below the minimum wage for tipped employees. Knowledge that there is a "tip credit" in the industry is insufficient. Defendants failed to comply with the informational requirements of 29 C.F.R. §531.59(b), in that (1) Defendants failed to inform Plaintiff about the "tip credit" altogether; (2) the amount of the cash wage that is to be paid to the tipped employee by the employer; (3) the additional amount by which the wages of the tipped employee are increased on account of the "tip credit" claimed by the employer; (4) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (5) that the tip credit shall not apply to any employee who has not been informed of these requirements in this §531.59(b).

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

27.     In addition to the foregoing failures, Defendants' taking control of and retaining the tips belonging to Plaintiff invalidated the "tip credit," and Plaintiff is entitled to payment of the full minimum wage plus all tips wrongfully or improperly held/distributed.

28.     In order to avail themselves of the "tip credit," and as a condition precedent to utilizing it, Defendants must also have paid Plaintiff a reduced cash wage of at least $3.02 less than the applicable minimum wage.

29.     During the Relevant Time Period, Defendants were not entitled to the tip credit because Plaintiff and other servers were required to contribute their charged tips into a "pool" into which managers and other traditionally non-tipped staff shared in the tips.

30.     During the Relevant Time Period, Plaintiff was not paid for all hours regular hours worked.

31.     During the Relevant Time Period, Plaintiff attended mandatory meetings and was not paid the applicable Minimum Wage for all time spent attending such meetings.

32.     During the Relevant Time Period Plaintiff was forced to perform sidework, while not earning tips, in excess of 20% of her work time.

33.     During the Relevant Time Period Plaintiff also was made to pay for walkouts.

34.     Moreover, during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff and their other servers Minimum Wages.

35.     Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that he worked during the relevant time period.

36.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

6

WHEREFORE Plaintiff, Rosmery Chansuolme, demands the entry of a judgment in his favor and against Defendants, Ciboney, Inc. and Jose R. Morales, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages for all work performed for the Defendant within the past three years as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

c. That Plaintiff recover all tips wrongfully withheld and/or distributed;

d. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

e. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. All interest allowed by law; and

g. Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME CLAIM

Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

37. Plaintiff regularly and routinely worked over 40 hours per week for Defendants with their knowledge and consent.

38. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate (of at least the applicable minimum wage pursuant to 26

7

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

U.S.C. §218) for all hours worked over 40 hours in a given workweek.

39. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay (of at least the applicable minimum wage pursuant to 26 U.S.C. §218) for each of the overtime hours worked during the relevant time period.

40. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

41. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Rosmery Chansuolme, demands the entry of a judgment in his favor and against Defendants, Ciboney, Inc. and Jose R. Morales, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendant within the past three years as provided under the law and in 29 U.S.C. § 216(b)

   b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

d. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 9th day of May, 2017.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

9

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com